J-A30039-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| J.S. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| J.S. | : | |
| | : | |
| Appellant | : | No. 1325 MDA 2019 |

Appeal from the Order Entered July 8, 2019
In the Court of Common Pleas of Northumberland County Civil Division at
No(s):  CV-2019-00268

BEFORE:   DUBOW, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                **FILED JANUARY 14, 2020**

Appellant J.S. (Father) appeals from the July 8, 2019 Order of the Court

of Common Pleas of Northumberland County, by the Honorable Hugh A. Jones,

in which Appellant and appellee J.S. (Mother) were directed to share legal

custody of their minor child (Child).  By the Order, Mother was granted primary

physical custody, with Father having partial custody as set forth in the Order.[1]

After careful review, we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The Order specifies that Father shall have physical custody on (i) alternating
weekends from Friday after school until Sunday at 7:00 p.m.; (ii) every
Wednesday after school until Thursday morning; and (iii) 50/50 custody
during the summer months beginning on Friday at 6:00 until the following
Friday at 6:00, beginning on July 19, 2019.  The Order further directs physical
custody at any other times and places as the parties may mutually agree,
provided such request should not be unreasonably made or permission
unreasonably withheld.  July 8, 2019 Custody Order.

Mother and Father were married in October 2008, and separated in February 2019. Child is nine years old. Mother filed a complaint for custody seeking shared legal and primary custody of Child in February 2019; following a conciliation conference on March 11, 2019, the conciliator's Report and Recommendation was entered as an interim order of court, with a hearing scheduled for May 23, 2019. Following the hearing, the Trial Court entered the instant order, together with its supporting opinion (7/8/19 Opinion). On August 7, 2019, Father filed his notice of appeal.[2]

The salient facts underlying this custody action were set forth by the Trial Court in its 7/8/19 Opinion.

> Mother testified at the Court hearing that she is employed at Southern Columbia School District, working three days a week. [Mother] has two older children who reside with her. [Mother] was the primary caretaker of the minor child and [Father] worked approximately seventy hours a week. [Father] was head of his department and able to set his own schedule but only reduced his hours after the custody matter arose.
>
> - - -

---

[2] In reviewing a custody order, our scope is the broadest type and our standard is abuse of discretion…with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand…Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court. *V.B. v. J.E.B*., 55 A.3d 1193, 1197 (Pa. Super. 2012).

> [Father] testified about his relationship with his daughter. He is employed at Geisinger medical center as general surgeon for eleven years. [Father] testified that he was seeking shared physical custody so he could actively participate in his daughter's life. He testified that due to his administrative role that now allowed him freedom in his schedule. He also testified that he had appropriate caregivers in the event he was unavailable to take care of his daughter. [Father] testified that he worked long hours when the parties were together but spends more time with his daughter now. He indicated that he is in the process of moving into a home in [ ] so the parties will be living close to one another.

7/8/19 Opinion.

On appeal, Father presents the following issues for our review:

I.     Did the Trial Court abuse its discretion and err as a matter of law when it did not sufficiently delineate the reasons for its decision on the record in open court or in a written opinion or order in contravention of 23 Pa.C.S. § 5323(d)?

II.    Did the Trial Court abuse its discretion and err as a matter of law in its analysis and weighing of the custody factors of 23 Pa.C.S. § 5328 where none of the sixteen factors were enumerated in the Trial Court's decision, and of the few factors actually addressed by the court, the court's limited analysis does not support the court's decision to limit defendant to a partial physical custody schedule during the school year?

III.   Did the Trial Court abuse its discretion and err as a matter of law when it did not order the parties to exercise a 50/50 physical custody schedule throughout the year as such schedule is supported by the record and a thorough analysis of the custody factors of 23 Pa.C.S. § 5328?

Appellant's Brief at 5 (unnecessary capitalization omitted).

Father's first two issues are interrelated; accordingly, we shall discuss them together. Section 5328(a) of the Child Custody Act (Act), 23 Pa. C.S. §§ 5321-5340, provides:

   (a)    Factors.—In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:

   (1)    Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

   (2)    The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

   (3)    The parental duties performed by each party on behalf of the child.

   (4)    The need for stability and continuity in the child's education, family life and community life.

   (5)    The availability of extended family.

   (6)    The child's sibling relationships.

   (7)    The well-reasoned preference of the child, based on the child's maturity and judgment.

   (8)    The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

   (9)    Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa. C.S. § 5328(a).

It is well settled that trial courts are required to consider "all of the factors listed in section 5328(a) … when entering a custody order." **J.R.M v. J.E.A.**, 33 A.3d 647, 652 (Pa. Super. 2011). Section 5323(d) provides that a trial court "shall delineate the reasons for its decision on the record in open court or in a written opinion or order." 23 Pa.C.S.A. § 5323(d). Additionally, "section 5323(d) requires the trial court to set forth its mandatory assessment of the sixteen section 5328 custody factors prior to the deadline by which a litigant must file a notice of appeal." **C.B. v. J.B.**, 65 A.3d 946, 955 (Pa. Super. 2013). In expressing the reasons for its decision, "there is no required amount of detail for the trial court's explanation; all that is required is that the

enumerated factors are considered and that the custody decision is based on those considerations." ***M.J.M. v. M.L.G.***, 63 A.3d 331, 336 (Pa. Super. 2013). A court's explanation of reasons for its decision, which adequately addresses the relevant factors, complies with section 5323(d). ***Id***.

Here, the Trial Court issued its Order and accompanying opinion on July 8, 2019. Father filed an appeal and a statement of errors complained of on appeal on August 7, 2019 and the Trial Court filed its 1925(a) opinion on August 21, 2019. Father argues that the Trial Court failed to delineate its reasons for its decision, in contravention of section 5323(d), and conducted only a limited analysis of the few section 5328(a) custody factors it actually addressed, thereby failing to support its decision. Father further contends that the Trial Court's limited analysis in its initial opinion interfered with his ability to appropriately develop his statement of errors complained of on appeal; Father interprets the opinion as having addressed custody factors 2, 8, 14, and 15 as being non-applicable; having weighed factors 3, 9, and 10 in Mother's favor; and having indicated that the remainder of the factors favored neither party. Father's Brief at 17. Father asserts that, in its 1925(a) opinion issued after Father filed his statement of errors, the Trial Court contradicted its initial opinion, referencing factors one and six as having been addressed in the initial opinion and having weighed in Mother's favor; Father disputes that these factors were addressed, contending that there was no analysis or discussion linking statements made in the initial opinion to custody factors one and six.

Upon review, we find that although neither identified by number nor addressed in any particular order, the Trial Court properly weighed the entirety of the section 5328(a) custody factors, and articulated its reasons for the custody decision in a manner that adequately informed the parties. **See M.J.M.**, 63 A.3d at 337. Furthermore, we reject Father's argument that the entirety of the Trial Court's consideration of the statutorily-mandated custody factors can be found in "three sentences in one paragraph of the Trial Court's [7/8/19 Opinion]." Father's Brief at 22. The Trial Court acknowledged that in analyzing the sixteen factors, it found many of them to favor neither parent, noting that "neither parent appears to suffer from any mental o[r] physical condition or drug or alcohol addiction," and there was no indication of abuse, criminal activity, or attempts by one parent to turn Child against the other parent. 7/8/19 Opinion at 3. The Trial Court provided its analysis regarding the determination that Mother performed the majority of parental duties:

> The Court finds [Mother's] testimony credible that she was the parent responsible for getting the child up in the morning and ready for bed, who took her shopping and cared for her when she was sick...Mother gets her up for school, packs her lunch, takes her to speech therapy, dance and cheer practice."

*Id*. at 3-4. In regard to custody factor number one, the Trial Court clearly reasoned that Mother was the party more likely to encourage and permit frequent and continuing contact, citing Mother's testimony that by and large Mother and Father were able to cooperate, but Mother was more flexible in

allowing Father visitation time not allowed in the custody order, and Mother testified that Child has daily phone contact with Father. *Id*. at 3; N.T. at 43. Child's "sibling relationships," custody factor number six, were addressed insofar as the Trial Court noted that Mother has two older children who reside with Mother, and Child expressed that, although she had interest in splitting time between Mother and Father, she was used to living with her half-brother and sister. 7/8/19 Opinion at 3-4.

In articulating its reasons for finding Mother more likely to attend to Child's daily physical, emotional, developmental, and educational needs, the Trial Court stated that it did not find Father's assertion that he has adapted, and will continue to adapt his schedule entirely credible given that he has not seen fit to do this previously. 7/8/19 Opinion at 4-5. As stated above, we must defer to the trial judge, who viewed and assessed the witnesses first-hand, as to issues of credibility and weight of the evidence. The Trial Court also noted Mother's work schedule – three days a week at the School District – contrasted with Father, who had a seventy-hour work week prior to the custody matter. *Id.* at 3. Finally, the Trial Court determined that Mother has developed, and will continue to develop the loving and nurturing relationship with Child. *Id*. at 5.

In its 1925(a) opinion, the Trial Court stated that it considered the factors set forth in 23 Pa.C.S. § 5328(a) and found that many of them were inapplicable to this case, but did in fact address all sixteen factors, albeit not by numbers. 1925(a) Opinion. The Trial Court asserted that it correctly

weighed the entirety of the Section 5328(a) factors in making the custody determination and articulated its considerations in a manner that informed the parties of the reasons for the custody award. *Id.* We agree.

Father's third issue concerns the Trial Court's failure to award 50/50 physical custody which, according to Father, constitutes an abuse of discretion and error as a matter of law. Father asserts such schedule is supported by the record as well as a thorough analysis of the section 5328(a) custody factors. We find this issue to be without merit, as the Trial Court's 7/8/19 Opinion is supported by competent evidence of record, and we have discerned no abuse of discretion or error in the Trial Court's application of the law. As stated, the Trial Court properly weighed the entirety of the section 5328(a) custody factors, and articulated its reasons for the custody decision in a manner that adequately informed the parties. The Trial Court heard testimony from Child, Mother, and Father. Child testified that she loves her half-brother, who is 15, and half-sister, who is 18, that she has lived with them "all [her] life," and that her half-sister sometimes babysits for her. N.T. at 11. Child testified as to the myriad childcare activities provided by Mother, stating "she's the one that runs me all around." *Id*. at 20. Mother testified that she works at the School District during the same hours as Child and her son are in school, and does not work during the summer months. *Id*. at 26. She testified as to her efforts to accommodate Father, describing how she allows Child to "facetime" her Father every night during story time, and keeps him updated on Child's activities. *Id*. at 43. Mother also testified as to why she does not

favor a 50/50 physical custody arrangement, stating "I've been her sole caretaker, her stability, her main provider, the only thing that she has known on an everyday in and out basis for all of her life.  I'm not keeping her from [Father].  I just want her consistency and her routine that has been her whole life." *Id*. at 75.  Because we discern that the trial court considered all of the Section 5328 custody factors in rendering its decision and the record supports the trial court's conclusions, we find no abuse of discretion and therefore affirm the order of the trial court.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/14/2020

- 10 -